IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL W. POWERS,              )
                                )
        Plaintiff,               )
                                )
v.                              )    1:14CV272
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of Social   )
Security,                       )
                                )
                                )
        Defendant.               )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Michael W. Powers, brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. §§ 405(g)), to obtain review of a final decision of the Commissioner of Social Security denying his claims for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Act. The Court has before it the certified administrative record and cross-motions for judgment.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a POD and DIB on October 20, 2010 alleging a disability onset date of September 15, 2002. (Tr. 11, 118-21.)[1] The application was denied initially and upon reconsideration. (Id. at 51-84.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at 85.) Present at the August 6, 2012 hearing were Plaintiff and his attorney. (Id. at 21-50.) A vocational expert also testified telephonically.

---

[1] Transcript citations refer to the administrative record. (Docket Entry 6.)

(*Id.*) At the hearing, Plaintiff amended his alleged onset date of disability from September 15, 2002, to January 26, 2006. (*Id.* at 11, 24.) The ALJ determined in his September 28, 2012 decision that Plaintiff was not disabled under the Act. (*Id.* at 11-21.) On January 28, 2014 the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for review. (*Id.* at 1-6.)

## II. FACTUAL BACKGROUND

Plaintiff was forty-six years old on the alleged disability onset date, was able to communicate in English, and had past relevant work as a truck driver and coach cleaner. (*Id.* at 17, 24, 21-49.)

## III. STANDARD FOR REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It "consists of more than a mere scintilla" "but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner must make findings of fact and resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court

does not conduct a de novo review of the evidence nor of the Commissioner's findings. *Schweiker*, 795 F.2d at 345. In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Hays*, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *See Richardson*, 402 U.S. at 401. The issue before the Court is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## IV. THE ALJ'S DISCUSSION

The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under the Act as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment[2] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. §§ 423(d)(1)(a), 1382c(a)(3)(A). To meet this definition, a claimant must have a severe impairment which

---

[2] A "physical or mental impairment" is an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3).

3

makes it impossible to do previous work or substantial gainful activity[3] that exists in the national economy. 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. § 423(d)(2)(A).

### A. The Five-Step Sequential Analysis

The Commissioner follows a five-step sequential analysis to ascertain if the claimant is disabled, which is set forth in 20 C.F.R. §§ 404.1520. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ must determine in sequence:

(1) Whether the claimant is engaged in substantial gainful activity (*i.e.*, whether the claimant is working). If so, the claimant is not disabled and the inquiry ends.

(2) Whether the claimant has a severe impairment. If not, then the claimant is not disabled and the inquiry ends.

(3) Whether the impairment meets or equals to medical criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1, which sets forth a list of impairments that warrant a finding of disability without considering vocational criteria. If so, the claimant *is* disabled and the inquiry is halted.

(4) Whether the impairment prevents the claimant from performing past relevant work. If not, the claimant is not disabled and the inquiry is halted.

(5) Whether the claimant is able to perform any other work considering both his residual functional capacity[4] and his vocational abilities. If so, the claimant is not disabled.

---

[3] "Substantial gainful activity" is work that (1) involves performing significant or productive physical or mental duties, and (2) is done (or intended) for pay or profit. 20 C.F.R. §§ 404.1510.

[4] "Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of his impairment and any related symptom (*e.g.*, pain). *See* 20 C.F.R. §§

4

20 C.F.R. §§ 404.1520.

Here, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of January 26, 2006, through his date last insured ("DLI") of December 31, 2006. (Tr. 13.) The ALJ next found in step two that Plaintiff had the following severe impairments: history of frostbite of the hands and feet, and status post open reduction internal fixation of the left ankle, subsequent additional irrigation and debridgement for infection, and removal of hardware. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1. (*Id.* at 13-14.) At the fourth step of the sequence, the ALJ determined that Plaintiff was not disabled from January 26, 2006, through December 31, 2006, because he could perform his past relevant work as a truck driver and coach cleaner. (*Id.* at 17.)

### B. Residual Functional Capacity Determination

Prior to step four, the ALJ determined Plaintiff's RFC based on his evaluation of the evidence. (*Id.* at 14-17.) The ALJ determined that Plaintiff retained the RFC to perform a wide range of medium work. (*Id.* at 14.) Specifically, the ALJ concluded that Plaintiff could lift and carry a maximum of fifty pounds at a time occasionally and could frequently lift and carry twenty-five pounds, could stand or walk for at least six hours in an eight hour workday, could sit for at least six hours in an eight hour work day, could push and pull with upper and lower extremities, could perform activities requiring bilateral manual dexterity for both gross

---

404.1545(a)(1), 416.945(a)(1); *see also Hines v Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory or skin impairments)." *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981).

and fine manipulation with reaching and handling. (*Id.*) Additionally, the ALJ concluded that Plaintiff should avoid concentrated exposure to extreme cold, and could climb ramps and stairs, and balance occasionally with no additional postural limitations. (*Id.*) Last, the ALJ concluded that since Plaintiff had no mental limitations, he retained the mental capacity to perform semi-skilled work activity. (*Id.* at 14.)

### C. Past Relevant Work

The ALJ found in step four that Plaintiff could perform his past relevant work as a truck driver and coach cleaner as it was actually and generally performed. (*Id.* at 17.)

## V. ANALYSIS

In pertinent part, Plaintiff contends that the ALJ erred by failing to consider disability rankings from the Department of Veterans Affairs. (Docket Entry 9 at 4-5.) Plaintiff asserts that this failure violates SSR Ruling 06-03p, which required the ALJ to consider the disability determinations of other government agencies, and the Fourth Circuit's decision in *Bird v. Commissioner*, 699 F.3d 337 (4th Cir. 2012), which requires the ALJ to give weight to such determinations. (*Id.*)

In further support, Plaintiff states:

> Though the VA decision on file was rendered in 2011 (Tr 200), it is relevant to the time period before December 31, 2006 because the percentages relating to Mr. Powers' frostbite injuries (which he sustained while serving in Germany in 1981) were assigned many years before the date last insured ("DLI"). (Tr 295; 458). His medical records reflect treatment for these conditions from 2002 (his original alleged onset year) up until the latest records on file. As testified to at his hearing, Mr. Powers has suffered from peripheral neuropathy in his hands and feet for many years for which he has received treatment at the VA Hospital. His records confirm treatment with medications (Gabapentin and Vicodin) for numbness, tingling,

6

> pain and other manifestations of cold injury and resultant peripheral neuropathy from 2002 through his DLI and beyond. (*See e.g.* Tr 295; 330-31; 349-53; 458). A February 23, 2006 VA record also references the fact that he already had service connected disability of 30% for each of his hands and feet for a total disability rating of 80%. (Tr 392-93). As the 2011 decision notes, these disability ratings had already been in place for years and constituted the largest percentages he could receive for cold injuries absent amputation. (Tr 205). They were assigned due to his difficulty with daily living activities, difficulty with ambulation and inability to drive due to narcotic medication management. (Tr 202-03). Therefore, the ALJ's failure to consider these VA disability ratings and the decision explaining these ratings constitutes serious error requiring remand pursuant to *Bird* and Soc. Sec. Ruling 06-03p for proper consideration.

(Docket Entry 9 at 5.) Consequently, evaluating the strength of Plaintiff's argument requires an understanding of *Bird v. Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012) and SSR 06-03p.

### A. *Bird v. Commissioner*

In *Bird*, the Fourth Circuit considered two issues.[5] First, it addressed when an ALJ must give retrospective consideration to medical evidence generated after the DLI. As in this case, the claimant in *Bird* argued that the ALJ erred in failing to consider retrospectively evidence in the form of a VA rating decision created after the DLI. *Bird*, 699 F.3d at 338–39, 340. The Fourth Circuit held that the ALJ was required to give retrospective consideration to the VA's determination, even though it post-dated the claimant's DLI, because the evidence placed the claimant's "symptoms in the context of his work and social histories, drawing a link between his current condition and his condition predating his DLI." *Id.* at 342. The Fourth Circuit explained that "[m]edical evaluations made after a claimant's insured status

---

[5] The Fourth Circuit issued *Bird* after the ALJ rendered his Decision in this matter. Nevertheless, *Bird* does not declare new principles of Social Security law so much as apply those principles already existing.

has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." *Id.* at 340. "[P]ost–DLI medical evidence generally is admissible in an SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Id.* at 341. "[R]etrospective consideration of evidence is appropriate when the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms." *Id.* (internal quotation marks omitted).

Second, in *Bird*, the Fourth Circuit addressed "the precise weight that the SSA must afford to a VA disability rating." *Id.* at 343. In addressing this question, the Fourth Circuit noted that, "the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* at 343. It reasoned further that "[b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.* (quotations omitted).

From this the Fourth Circuit concluded that "[b]ecause the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* Thus, "in making a disability determination, the SSA [Social Security Administration] must give substantial weight to a VA disability rating." *Id.* "However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give

less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.* Consequently, the Fourth Circuit held in *Bird* that the ALJ erred in finding Bird's VA disability rating irrelevant based solely on the fact that the VA decision became effective after Bird's DLI. *See id.* at 346 ("[B]ecause the ALJ made two errors of law in conducting his analysis of the evidence concerning the issue whether *Bird* was disabled before his DLI, we vacate the district court's judgment and remand the case to the district court for further remand to the ALJ for proceedings consistent with the principles of law expressed in this opinion.").

### B. *SSR 06-03p*

The Social Security Rulings also speak to whether and when an ALJ is obligated to consider disability determinations from other agencies. According to SSR 06–03p:

> Our regulations . . . make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner . . . . However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . . Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

SSR 06–03p, *Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disabitliy by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, at *6 (2006); 20 C.F.R. § 404.1512(b)(5); *see also* 20 C.F.R. § 404.1504.

### C. The ALJ's Failure to Address the VA Determinations Was Error, the Error Was Not Harmless, and Remand Is Proper.

Here, the record contains two VA disability determinations generated after Plaintiff's

9

DLI, neither of which the ALJ considered in concluding that Plaintiff was not disabled. (*See* Defendant's Brief, Docket Entry 13 at 7 ("[T]he ALJ did not consider the July 2008 or the January 2011 VA determinations[.]").

### *The 2008 VA Determination*

The first document to consider is a July 30, 2008 VA Rating Decision. (Tr. 537-40.) It only considered Plaintiff's cold-related injuries, because those were his only service connected conditions. (*Id.*) The 2008 VA Rating Decision concludes that Plaintiff still has considerable limitations stemming from his cold-related injuries. Specifically, the VA concluded that "the following service connected conditions haven't changed" "Left foot cold injury – 30%; Left hand cold injury – 30%, Right foot cold injury – 30%, Right hand cold injury – 30%." (*Id.* at 536.) The VA goes on to conclude that:

> Entitlement to individual unemployability cannot be established at this time.
>
> The medical evidence of record does not objectively show that your service connected conditions make you unable to secure or follow substantially gainful employment. Although the symptoms of your cold injury would interfere with physical employment, the evidence does not objectively show that the cold injuries are so severe as to preclude such employment. In addition, the records do not show that you would be unable to secure or follow sedentary employment. Further, there are inconsistencies in the information you have provided in regard to employment (you indicated to us that you last worked in 2004 and that you became too disabled to work in July of that year, however in a report from VA OPC Winston-Salem dated July 27, 2007, you reported that you last worked 1.5 years prior to that date as a truck driver – approximately February of 2006 – and that employment was terminated because you lost your license as the company you worked for did not pay a parking ticket for you).
>
> In the treatment reports, the bulk of the current treatment received is for conditions for which you are not service connected.

> The evidence does not show that your cold weather injuries are of such severity to preclude employment, nor is there evidence that significant treatment is received for these conditions. Since the above is the case, you have not been found to be unable to secure or follow substantially gainful employment as a result of your service connected conditions at this time.

(*Id.* at 540.)

### *The 2011 VA Determination*

The second document to consider is a January 26, 2011, VA Rating Decision. (*Id.* at 199-208.) The 2011 VA determination declares Plaintiff to be unemployable as of October 15, 2010. (*Id.* at 201.) Specifically, the VA concluded that Plaintiff still had a 30% limitation in all of his extremities from cold injuries; but now also exhibited a 50% limitation resulting from an adjustment disorder and mixed anxiety and depressed mood, effective October 15, 2010; and a 10% limitation stemming from degenerative disc disease of the lumbar spine with residual pain and limitation of motion, also effective October 15, 2010. (*Id.*)

**D. Discussion**

Plaintiff faults the ALJ for failing to address or consider the VA Rating Decisions described above. (Docket Entry 9 at 4-5; Docket Entry 14 at 3.) Defendant, in turn, concedes that the ALJ did not address or consider the 2008 and 2011 VA Rating Decisions, but argues that any remand would be futile. (Docket Entry 13 at 7 ("the ALJ did not consider the July 2008 or the January 2011 determinations"), 16-18.) This is because, according to Defendant, if the ALJ were to consider the 2008 and 2011 VA determinations, they would not alter his decision in any meaningful way. (*Id.*)

For the following reasons, the undersigned concludes that Plaintiff has the better position here and that a remand is proper. First, the 2008 and 2011 VA Rating Decisions are

11

relevant to the time period before December 31, 2006, the critical time period here. As Plaintiff correctly points out, this is because the percentages relating to Plaintiff's frostbite injuries—which were sustained while he was serving in Germany in 1981—were assigned years before the DLI. (*See, e.g.*, Tr. 199-207, 284, 295, 458, 535-40, 537 ("You served in the Army from September 25, 1978 to February 23, 1981").) These disability ratings were in place for years—including through and beyond Plaintiff's DLI—and constituted the largest percentages he could receive for cold injuries absent amputation. (*See, e.g., id.* at 205-06, 392-93.) Consequently, under *Bird* and SSR 06–03p, the ALJ was obligated to consider and weigh these VA disability determinations, which he did not do. The ALJ's failure here was legal error.

Second, Defendant's argument that the 2008 VA determination "negates any inference of linkage" between the 2011 VA determination and Plaintiff's pre-DLI condition, and therefore relieves the ALJ of his obligation to consider the 2011 VA determination, is unpersuasive. (Docket Entry 13 at 17.) This is because: (1) Defendant's approach requires this Court to consider, evaluate, reconcile, and weigh both VA determinations in the first instance, which is the purview of the ALJ, (2) Defendant's approach begs the question of whether the 2008 VA determination itself is also materially linked to the time period before December 31, 2006, (3) while the 2008 VA determination does not declare Plaintiff unemployable, it does suggest a restriction to sedentary work for his cold injuries alone, which is more restrictive than the medium RFC the ALJ set in this case, and (4) as a result, the record is not so persuasive as to rule out any linkage between the VA determinations and Plaintiff's pre-DLI condition. Therefore, Defendant's argument that this Court should find

that the 2008 VA determination negates any linkage between Plaintiff's pre-DLI condition and the 2011 VA determination is not well taken. *See Craig*, 76 F.3d at 589 (court must "not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary").

Third, Defendant would have the Court adopt its extensive harmless error analysis and conclude that any remand here would be futile. (Docket Entry 13 at 17-18.) However, as a general proposition, "a court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say." *Nken v. Holder*, 585 F.3d 818, 822 (4th Cir. 2009). As explained, the ALJ's failure to consider and weigh the 2008 and 2011 VA determinations is a serious procedural error. *See Bird*, 699 F.3d at 343 ("[U]nder the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered."); *Batchelor v. Colvin*, No. 5:11–CV–533–FL., 2013 WL 1810599, *3 (E.D.N.C. April 29, 2013) ("A procedural error is not made harmless simply because the aggrieved party appears to have had little chance of success on the merits anyway. Explicit consideration of relevant evidence is important as a reviewing court cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence") (citations omitted); *Suggs v. Astrue*, No. 4:11–CV–128–FL, 2013 WL 466406, * 3-4 (E.D.N.C. February 7, 2013) (concluding that "while the government asks the court to evaluate the VA disability determination itself to decide whether it would, or would not, have any bearing on plaintiff's disability determination, it is not the province of this court to reweigh evidence that the ALJ must itself consider in the first place"). The ALJ's failure to discuss and explicitly assign weight to

the 2008 and 2011 disability determination requires remand. *Bird*, 699 F.3d at 343, n.1 ("The Commissioner contends that the evidence underlying the VA rating decision shows that Bird's condition deteriorated after his DLI. . . . Because we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, an assessment of the weight of the evidence must be left to the ALJ on remand in the first instance."); *Batchelor*, 2013 WL 1810599, * 3; *Suggs*, 2013 WL 466406, * 3-4.[6]

Fourth, even considering Defendant's proposed remand analysis on its own terms, it is not inconceivable that a different administrative conclusion could be reached on remand. *See, e.g., Austin v. Astrue*, No. 7:06–CV–00622, 2007 WL 3070601, *6 (W.D.Va. Oct.18, 2007)) (holding that "[e]rrors are harmless in Social Security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error") (citing *Camp v. Massanari*, 22 Fed. App'x 311 (4th Cir. 2001)). As noted, the 2008 VA determination found Plaintiff capable of sedentary work. In contrast, the ALJ's determination found Plaintiff capable of medium work. The ALJ further found that Plaintiff could perform his previous work as a truck driver and a coach cleaner. The vocational expert characterized these jobs as, and the ALJ found them to be, medium work and not sedentary work. (Tr. at 17.) It is proper to provide the ALJ an opportunity to address issues such as this on remand.

---

[6] This is not to suggest that a future determination by the ALJ that Plaintiff was not disabled is necessarily unsustainable in light of the 2008 and 2011 VA determinations. In *Bird*, the Fourth Circuit specifically identified the fact that "the SSA employs its own standards for evaluating a claimant's alleged disability" as one ground which may justify deviation from substantial weight and noted further that a deviation is proper "when the record before the ALJ clearly demonstrates" it. *Bird*, 699 F.3d at 343. The ALJ may conclude on the evidence presented in Plaintiff's case that those different standards are material to Plaintiff's claim for disability and rightly justify departing from the substantial weight presumption, or the ALJ may consider the entire record and conclude that a deviation is warranted. Here, however, the ALJ apparently failed to consider the entire record in the first instance, and as a result, remand is the appropriate remedy.

In sum, the fact that the VA disability determinations in this case fell outside the claimed disability date range is not enough, in itself, to discredit the determinations. The ALJ did not discuss the VA disability determinations in this case in any respect, and it is impossible for the court to determine why the ALJ did not do so. While the Defendant argues that the Court need not remand because the failure to discuss or consider the VA determinations is harmless error, the court disagrees that the error is harmless in this case. Although Plaintiff raises additional issues in his brief, the Court declines their consideration at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763–764 (W.D. Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).

## VI. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, this Court **RECOMMENDS** that the Commissioner's decision finding no disability be **REVERSED**, and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 8) should be **GRANTED** and Defendant's Motion for Judgment on the Pleadings (Docket Entry 12) be **DENIED**.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

January 14, 2014